UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINEEN CHERYLANN ETIENNE,<br><br>                              Plaintiff,<br><br>-against-<br><br>NORTH CAROLINA DEPT. OF ADMINISTRATION; MACHELLE SANDERS; JOSH STEIN; ROY COOPER,<br><br>                              Defendants. | 24-CV-5469 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Dineen Cherylann Etienne brings this *pro se* action against North Carolina Governor Roy Cooper, North Carolina Attorney General Josh Stein, the North Carolina Department of Administration, and the Secretary of the Department of Administration, Machelle Sanders. Plaintiff alleges that the events giving rise to her claims occurred on April 17, 2024, in the North Carolina General Assembly, which is located in Raleigh, Wake County, North Carolina. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of North Carolina.

## DISCUSSION

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is

subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that "on April 17, 2024 there was a settlement in the North Carolina general Assembly for $50 million." (ECF 1, at 8.) She also alleges that "[t]here were inquiries for $50 million under Dee's construction, Dineen Cherylann Etienne . . . [and] the explanation for this settlement was prisoner litigation." (*Id.*) Plaintiff provides Raleigh, North Carolina, work addresses for the individual defendants, all of whom are North Carolina officials. Although she does not plead the residence of any of these defendants, because she names North Carolina's Governor, Attorney General, and Secretary of the Department of Administration, the Court assumes for the purposes of this order that these defendants reside in North Carolina. Moreover, the alleged events giving rise to Plaintiff's claims occurred at the General Assembly, which is located in Raleigh, North Carolina. Because Defendants appear to be residents of North Carolina, where the alleged events occurred, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Raleigh, Wake County, North Carolina, which is in the Eastern District of North Carolina. *See* 28 U.S.C. § 113. Accordingly, venue lies in the Eastern District of North Carolina, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of North Carolina, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of North Carolina. The Clerk of Court also is directed to terminate the motion for an order to show cause (ECF 4).

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 6, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge